Judge Simmon delivered
tbe opinion of the Court.
The first question to be considered is the right of the appellant to prosecute this appeal. The decision of this question depends upon the construction *301 of the act, approved March 8th, 1851, “entitled,” an act to amend an act, “entitled, an act to amend and re-enact an act, entitled, an act to incorporate the Henderson and Nashville Railroad Company.” {Yol. 2, Sess. Acts, 1850-1, page 281.)
No appeal ia authorized in controversies be tween the Henderson andNash ville Railroad Company and individuals, unless the appeal be prayed at the time of rendering the judgment, and an ap peal bond entered into within the time allowed by the court for that purpose. (Acts of 1850-1, page %81.)
At the time of the passage of this act, the judgment of an inferior tribunal had to be brought to this court for revision, either by writ of error or by appeal. If by appeal it had to be prayed for at the term at which the judgment was obtained, and an appeal bond executed within the time allowed by the court for that purpose. No appeal of that kind was taken in this case, which was brought here about a year after the judgment was rendered, by the appeal which is substituted by the Code of Practice, for the writ of error.
By the 38th section of the statute above referred to, it is provided that in a case of this kind either of the parties shall have the right of appeal to the Supreme Court or Court of Appeals, and that the party appealing shall be govered, in all respects, by the laws regulating appeals in the state where said case may be tried.
As the right of appeal is given by the statute, this, by a liberal construction, might, if the act contained nothing that indicated a different legislative intention, be understood to mean a right to have the judgment revised by the Court of Appeals, in any mode which the law authorized. But such a construction is forbidden by the statute itself, inasmuch as it prescribes the mode in which this right shall be exercised. The party appealing shall be governed in all respects by the laws regulating appeals. The laws regulating appeals were different from those regulating writs of error; as the party appealing had to be governed by the laws regulating appeals: he could not prosecute a writ of error, because that mode of appealing was governed by laws entirely variant from those regulating appeals.
*302 Important considerations may have induced the legislature to limit the right, so that it should only be exercised by an appeal and not by a writ of error. The former had to be prosecuted immediately, and the parties were apprised that the operation of the judgment was suspended by it. The latter might be prosecuted at any time within three years after material changes in the condition of things had occurred, and even after the judgment had been satisfied, and apparently acquiesced in by all parties. To guard against the inconveniences which might result from such delay, the legislature deemed it proper to restrict the right to have the judgment revised to the proceeding by appeal. As then neither party could have prosecuted a writ of error in this case, for the reversal of the judgment, this appeal, which is allowed in the place of the writ of error, cannot be maintained.
Wherefore the appeal is dismissed for want of jurisdiction.